W. A. NELDEN, ET AL., RESPONDENTS *v.* JOHN CLARK, MAYOR OF SALT LAKE CITY, ET AL., APPELLANTS.

STATUTORY CONSTRUCTION—REPEAL BY LATER ACT—MEASURE OF REPEAL. BOARD OF PUBLIC WORKS—DUTIES OF—SUBDS. 36 AND 76, SEC. 206, R. S. 1898, REPEALED BY SECS. 283 AND 286 R. S. 1898.

*Statutory Construction—Repeal by Later Act—Measure of Repeal.*
  If a statute is impliedly repealed by a later one on account of repugnancy or inconsistency between the two, the repeal will be measured by the extent of the conflict or inconsistency between the acts, and if any part of the earlier act can stand as not superseded or affected by the later, that part will not be held repealed by the later.

  Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general which if standing alone would include the same matter, and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts are substantially cotemporaneous, as the legislature are not presumed to have intended a conflict.

*Board of Public Works—Duties of—Subds. 36 and 76, Sec. 206, R. S. 1898, Repealed by Secs. 283 and 286 R. S. 1898.*

Subds. 36 and 76 of Sec. 206, R. S. 1898, were repealed by Secs. 283 and 286 R. S. 1898; and by the same sections, Secs. 1 and 2, Rev. Ordinances of Salt Lake City, 1892, p. 494, so far as they are inconsistent therewith, are inoperative and of no effect; and in refusing to permit the board of public works to act in accordance with law, and in directing the superintendent of waterworks and the city engineer to construct improvements independent of said board, defendants were acting without authority of law, and should be enjoined.

(Decided November 24, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action by plaintiff to restrain the Mayor and City Council of Salt Lake City, City Engineer and Superintendent of Water Works, under the order of the city council, from constructing improvements to the city water works system and from constructing a bridge across the Jordan river. From a judgment for plaintiff, defendant appealed. *Affirmed.*

*W. C. Hall, Esq.,* and *C. B. Stewart, Esq.,* for Appellants.

The appellants insist that the defendant City, through its City Council, had the power and authority to purchase the materials and do the work in the way proposed by the Council, under the provisions of Sec. 206 of the Rev. Stat. 1898, as follows:

36. "Bridges, etc. To construct and keep in repair bridges, viaducts, and tunnels, and to regulate the use thereof."

76. "Water works, fire signals, etc. To purchase, construct, lease, rent, manage, and maintain any system

or part of any system of waterworks, hydrants, and supplies of water, telegraphic fire signals, or fire apparatus, *and to pass all ordinances, penal or otherwise, that shall be necessary for the full protection, maintenance, management, and control of the property so leased, purchased or constructed."*

The contention of the respondents is that by Section 286 of the Revised Statutes, 1898, the Board of Public Works alone has the power of making the contract for all such work and improvements and the supervision of the same, subject to the approval of the City Council.

A statute is not repealed by a later affirmative statute which contains no repealing clause, unless the conflict between them cannot be reconciled, or the latter covers the same ground as the former, and is clearly intended as a substitute therefor. *Red Rock v. Henry*, 106 U. S. 596.

Repeals of statutes by implication are not favored, and are never admitted where the former can stand with the new act. *Heong v. United States*, 112 U. S. 536.

The exposition of statutes passed at the same session, though apparently conflicting, but not directly repugnant, should be such as to give effect to what appears to be the main intent of the law-maker. *LaGrange Co. v. Cutler*, 6 Ind. 354.

*Messrs. Stephens & Smith,* for respondents.

The legislature of the State of Utah, in 1890, passed an act, approved March 13, 1890, which took effect on the 1st day of May, 1890, creating in each city of the first class a board of public works. This act has ever since remained in force, but was in the Revised Statutes of 1898 modified in immaterial particulars so far as this action is concerned, the only modification being that the members of the board are now appointed by the mayor, with the consent of the

council, the mayor designates the chairman instead of the council, and the proviso in regard to furnishing copy of charges against a member sought to be removed, etc., was in the 1898.

For the duties of the board, as defined by the statute, see laws of 1890, pages 62, 63; code of 1898, chapter 13, Sec. 283 to 286, inclusive.

"Where power is conferred upon public officers by legislative enactment, the said power can be exercised by them only in the way directed by the law, and unless the law granting the power is strictly complied with, the acts of the officers are void." *Mayor of Baltimore* v. *Porter*, 79 Am. Dec. 686; *Zottman* v. *San Francisco*, 81 Am. Dec. 96.

"An officer of municipal corporation has no power to make a contract except in the manner pointed out by the statute from which the power is derived." *Murphy* .v. *Louisville*, 9 Bush. 194; *Craycroft* v. *Selvidge*, 10 Bush. 707.

"It is a general and indispensible proposition that a municipal corporation possesses and can exercise the folfowing powers and no others:

"1st. Those granted in express words.

"2d. Those necessarily or fairly implied in or incident to the powers expressly granted.

"3d. Those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensible.

"Any fair reasonable doubt concerning the existence of power is resolved by the court against the corporation and the power is denied."

MINER, J.

This action was brought in April, 1899, to restrain the mayor and city council of Salt Lake City, the city en-

20 Utah—25.

gineer and superintendent of water works, under the order of the city council, from constructing about $30,000 worth of improvements to the city water works system, and also the construction of a bridge across the Jordan river at a cost of $2,500.

Plaintiffs claim that under the law, the board of public works were required to make contracts on behalf of the city for the performance of all such work, and the erection of the improvements described in the complaint and ordered by the city council, and that the city engineer and superintendent of water works, under the directions of the city council, had no right or authority to proceed with the construction of said work. The court decided the issues in favor of the plaintiffs, and found among other things, that this right and duty devolved upon the board of public works, as ordered by the city council, and that the city council had no right or authority under the law to instruct the city engineer to proceed with the construction of the bridge by purchasing materials and employing labor by the day's work, and that the mayor and city council had no authority to direct the superintendent of water works to purchase material and construct the improvements to the water works system aforesaid, nor to employ labor by the days' work thereon, instead of letting contracts to the highest bidder.

Defendants appeal from the judgment, and claim that the findings of fact are contrary to law. In support of this contention appellants rely on sub-divisions 36 and 76 of section 206 Rev. Stat., 1898, which were adoptod prior to the year 1888, and which read as follows: "The city council shall have the following powers:

"36. To construct and keep in repair, bridges, viaducts, and tunnels, and to regulate the use thereof. ·

"76. Water works, fire signals, etc. To purchase, con-

struct, lease, rent, manage, and maintain any system or part of any system of water works, hydrants, and supplies of water, telegraphic fire signals, or fire apparatus, and to pass all ordinances, penal or otherwise, that shall be necessary for the full protection, maintenance, management, and control of the property so leased, purchased, or constructed."

Prior to 1890, section 1 and 2 of the Rev. Ordinances of 1892, page 494, were adopted by the city council, providing that the water works shall be under the control of the city council who may direct the construction of reservoirs, water-mains, water-tanks, service pipes and fire-hydrants that may be necessary; that the superintendent of water works shall, under the direction of the city council, have charge of the reservoirs, water-tanks and machinery appurtenant to the water works, and shall have the direction of the laying of water-mains and putting in service pipes, and the regulation of the water supply, etc.

Respondents rely upon an act creating a board of public works in cities of the first class which took effect May 1, 1890, since the approval of Sec. 206, session laws, 1890, p. 62, being as amended Secs. 283, 286, Ch. 13 Rev. Stat. 1898. These sections read as follows:

"283. Appointment. Term. There shall be in each city of the first class a board of public works which shall consist of five members, residents and free holders of the city, appointed by the mayor, with the consent of the council, for the term of two years.

"286. Duties of board. It shall be the duty of such board of public works, and it shall have power, to make contracts on behalf of the city for the performance of all such work and the erection of all such improvements as may be ordered by the city council, but all such contracts shall be subject to the approval or rejection of the council;

to superintend the performance of all such work and the erection of such improvements, except the supervision of the construction of city halls, market houses, jails or other public buildings. It shall also be the duty of said board to approve the estimates of the city engineer which may be made from time to time, of the value of the work as the same may progress; to accept any work done or improvement made, when the same shall be fully completed according to contract, subject, however, to the approval of the council; and to perform such other duties as may be devolved upon them by ordinance."

No express words of repeal are embraced in the act. If Sec. 286 is repugnant to Sec. 206, or so contradictory or irreconcilably in conflict with it that the two sections cannot be harmonized in order to effect the purposes of their enactment, then the latter act may repeal the former; but one act is not to repeal or defeat another if by reasonable construction the two can be harmonized and made to stand together. When a statute enumerates the persons and things to be affected by its provisions, there is an implied exclusion of others. "If two inconsistent acts are passed at different times, the last is to be obeyed, and if obedience cannot be observed without derogating from the first, it is the first that must give way." So, if an earlier statute is impliedly repealed by a later one on account of repugnancy or inconsistency between the two, the repeal will be measured by the extent of the conflict or inconsistency between the acts, and if any part of the earlier act can stand as not superseded or affected by the later it will not be repealed by the later. *University of Utah* v. *Richards*, decided at Oct. term, '99, of this court, 59 Pac. 96, 20 Utah, —; Black on Int. of Laws, Sec. 53; *State* v. *Gray*, 34 Conn. 118; *Wood* v. *United*

*States*, 16 Peters, 343; *Irrigation Cos.* v. *Canal Cos.*,
14 Utah, 162.

So, also, where the legislature grants the same power
over a particular matter to two public bodies, one to a city
and another to the trustees of a public canal, and the
grants are repugnant, the last expressed will of the
legislature will control. *Coram* v. *City of Ottawa*, 32
Ill. 121.

In *Crane* v. *Reeder*, 22 Mich. 322, it is held that,
"Where there are two acts or provisions, one of which is
special and particular, and certainly includes the matter
in question, and the other general, which, if standing
alone, would include the same matter, and thus conflict
with the special act or provision, the special must be taken
as intended to constitute an exception to the general act
or provision, especially when such general and special acts
are co-temporaneous, as the legislature are not presumed
to have intended a conflict."

A repeal of a statute depends upon the intention of the
legislature, express or implied.  The fact that a later act
is different from a former one is not sufficient to affect a
repeal.  It must appear in addition that the later act is
contrary to or inconsistent with the previous act in order
to justify the conclusion that the first is repealed.  If the
later act covers the subject-matter of the former and
makes different provisions which are contradictory and
inconsistent with it, so that the two acts cannot stand to-
gether in harmony, then it may be said the one repeals
the other in so far as it is inconsistent and contradictory.

With respect to this case, these statutes should be con-
strued and considered according to what appears to have
been the intention of the legislature.  If the later law is
clearly intended to prescribe the only rule which should

govern the particular case provided for, it should so far be construed as repealing the original act.

This rule does not rest alone on the ground of repeal by implication, but on the principle that when the legislature makes a change in a particular statute and enacts a new one upon the same subject, and it is apparent from the act that it was the intention of the legislature to change the present provision in the old law and enact a new one to effectuate its purpose, it is a plain declaration that whatever is embraced in the new act should prevail, and that whatever is changed or excluded is discarded from it. It is clear evidence of the intention of the legislature to enact the provisions of the later act as the only ones on that subject that shall be obligatory. Black on Int. of Laws, pages 116, 118; *Roche* v. *Meyer*, 40 N. J. L. 257; *University of Utah* v. *Richards, supra.*

Sections 36 and 76, are general provisions giving the control of bridges and water works to the city council; but it is clear that the legislature were not satisfied with those provisions of the statute as applied to cities of the first class, and therefore it enacted Ch. 13, with Secs. 283 and 286 providing for the appointment of a board of public works by the mayor, with the consent of the city council, and empowering such board to make contracts for all works, and the erection of all improvements as might be ordered by the city council, subject to the approval or rejection by the city council, and to superintend the performance of all such work and the erection of all such improvements, except the supervision and construction of city halls, market houses, jails, and other public buildings.

It will be seen that this board is to be selected by the mayor, with the consent of the city council, and it is not authorized to make contracts on behalf of the city for the performance of work and erection of improvements, unless

the work of improvements are ordered by the council. The contract when made by the board is subject to the approval or rejection of the city council. The board is authorized to make contracts on behalf of the city, and superintend the performance of such work and erection of improvements in all cases, except the supervision and construction of jails, city halls, market houses, and other public buildings.

The delegation of power is special, to a specific board, and for the particular purpose named. By this act it is clear that the power conferred upon the board of public works was withheld and intended to be withheld and taken from the city council and conferred upon the board of public works. Secs. 283 and 286 operate as a repeal of subd. 36 and 76 of the former act and a withdrawal of like authority and power from the city council, in so far only, as it may have been conferred by Sec. 206. Secs. 283 and 286 make a different provision and confer upon a different board, created by the act, power to construct and contract for the construction of such improvements as may be made by the council. This provision is contradictory to, and inconsistent with such powers as are conferred by Sec. 206. By enacting Ch. 13, making the change stated, the legislature undoubtedly intended to abrogate the power as well as to change the procedure contained in the said provisions of Sec. 206, and confer the power given upon the newly constituted board. The enactment of the act is a plain declaration that whatever is embraced in the new act should prevail, and that whatever is changed or excluded from subd. 36 and 76 of Sec. 206 is discarded from it, and that the provisions of the later act were intended to be the only ones upon that particular subject which would be obligatory and binding. The city council would still retain the powers conferred

by subd. 36 and 76 of Sec. 206, that, as we have found, are not repealed, and which are not inconsistent with or contradictory to Ch. 13, as explained.

It necessarily follows that Secs. 1 and 2 of the Revised Ordinances of Salt Lake City of 1892, p. 494, so far as they are inconsistent with or contradictory to Ch. 13, are inoperative and of no effect.

The powers of the city council are limited strictly to those contained in the statutory grant, and when the power contained in the grant is limited or otherwise becomes nugatory or inoperative, all municipal rights thereunder cease, and all ordinances passed thereunder become inoperative, so far as the same are affected by the change or appeal in the grant of power under which the ordinance was framed.

As a general rule where officers of a corporation or a city council do an act in excess of their corporate authority, the corporation is not bound, and when the statute under which the corporation acts, or should act, especially restricts its action to a particular mode, or confers the power assumed upon others, none of the agents through whom the corporation acts can bind it in any manner or mode other than that prescribed in the act granting the power. Dillon on Mun. Corp. Secs. 89, 91, 449 (4th ed.) *Bradley* v. *Mayor*, 16 How. Pr. 432; *Mayor* v. *Porter*, 18 Md. 284, 79 Am. Dec. 686.

It does not appear from the record that the appellant interposed any demurrer to the complaint. It is therefore unnecessary to discuss that question raised in the brief.

In refusing to permit the board of public works to act in accordance with law, and in directing the superintendent of water works and city engineer to construct the improvements referred to in the complaint independent of said board of public works, the defendants were acting

without authority of law, and the injunction must be held to have been properly granted.

The findings of fact as entered were justified by the facts and the law, as we find it.

The judgment of the district court is affirmed, with costs.

BASKIN, J., concurs.

BARTCH, C. J. concurring in the judgment:—

I concur in the judgment but not in that part of the opinion which holds that some of the provisions, without showing clearly which, of sub-divisions 36 and 76 of Sec. 206, R. S., are contradictory to, inconsistent with and repealed by c. 13 R. S. 1898.

In my judgment the city council still has power to do all the things mentioned in those sub-divisions, but some of them, which are specified in c. 13, the council must perform through the agency provided for in that chapter, instead of through agencies of its own selection. In other words, some of the powers conferred in Sec. 206, among which is the power to make contracts for the erection of improvements ordered by the council, must be exercised in the mode pointed out in c. 13. Viewed thus, the several provisions of the statute can be read together, and each one be given effect, agreeably to the elementary principle of statutory construction that the various provisions of legislative enactments ought to be so construed, if possible, as to give effect to all. The provisions referred to are all parts of the revised statutes, and were all adopted and became effective at the same time.