## STATE ex rel. MORCK v. WHITE.

No. 2387.   Decided August 17, 1912.   Rehearing Denied September 9, 1912 (126 Pac. 330).

1. OFFICERS—STATUTORY OFFICE. An existing office will not be deemed abolished, unless the intention of the authority possessing the power to abolish to do so is clear. (Page 483.)

2. STATUTES—GENERAL AND SPECIAL STATUTES—CONSTRUCTION. A special statute on a subject-matter controls a general statute relating thereto. (Page 484.)

3. JUSTICES OF THE PEACE—TERM OF OFFICE—APPOINTMENT. Comp. Laws 1907, section 213, as amended by Laws 1909, chap. 107, provides for the election in cities of the first and second classes of enumerated officers, including a city justice of the peace, except that in cities of the first class the office of justice is abolished. Laws 1911, chap. 125, amends section 213, and provides that in cities of the second class there shall be elected a mayor and two commissioners, to constitute the board of commissioners, and a city auditor, and by section 214 declares that the board of commissioners may appoint all officers as may be provided for by law and fill vacancies occurring therein, and by section 887 declares that the term of office of all present elective officers shall expire on a designated date. *Held*, that the general statute, providing that all officers shall hold office for the term for which they are elected and until their successors are elected and qualified, does not apply to a justice of a city of the second class, but the special provision of the Law of 1911 controls, and terminates the office on the designated date, and the commissioners have authority to appoint a justice. (Page 484.)

4. STATUTES—CONSTRUCTION—EFFECT OF LANGUAGE. The court, in construing a statute, must, if possible, give full force and effect to all the language employed. (Page 485.)

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

*Quo warranto* by the State, on the relation of Carl M. Morck, against Charles H. White, to try title to office.

Judgment for relator. Defendant appeals.

REVERSED AND REMANDED.

*J. Louis Brown* for appellant.

*David W. Moffat* for respondent.

FRICK, C. J.

This is an action in the nature of *quo warranto* to try the title to the office of city justice of the peace of Murray City,

41 Utah 31

Salt Lake County. Both appellant and respondent claim to be legally entitled to the office. The case was submitted to the district court of Salt Lake County upon an agreed statement of facts, from which it appears that the respondent, Morck, for the years 1910 and 1911, was the duly elected, qualified, and acting city justice of the peace for Murray City; that his term of office, by virtue of the general law of this state, expired at noon on the first Monday of January, 1912; that the appellant, White, on the afternoon of said date was duly appointed by the board of commissioners of Murray City to fill the vacancy which said board assumed existed by virtue of the expiration of Morck's term of office as aforesaid, and said White duly qualified and entered upon the discharge of, and discharged, the duties of said office under said appointment. The district court, however, found as a conclusion of law that the respondent, Morck, was entitled to the office as a holdover, and was thus entitled to hold and to discharge the duties of the office aforesaid. The court therefore entered judgment ousting the appellant from said office and reinstating the respondent, Morck, therein. Appellant asks us to reverse said judgment.

Appellant's counsel contends that the district court erred in its conclusions of law and in entering judgment as aforesaid. The questions involved on this appeal are purely legal and arise as follows: Comp. Laws 1907, sec. 213, as amended by Laws 1909, p. 230, so far as material prior to 1911, read as follows: "In addition to a mayor and city councilmen there shall be elected in all cities of the state a city recorder, a city treasurer and a city justice of the peace; and also in cities of the first and second class a city attorney and city auditor, . . . provided that in cities having a population of over 15,000 the office of city justice of the peace is hereby abolished and no election for said office shall be held." Murray City is a city of the second class having less than 15,000 population. In said city respondent, Morck, in the fall of 1909, was duly elected city justice for the term ending at noon on the first Monday in January, 1912. In 1911 the legislature of Utah adopted what is known as the

commission form of government for cities of the first and second class and abolished the offices of mayor and city councilmen. (Chapter 125, p. 224, Laws 1911.) In that chapter, section 213, already referred to, was again amended to read as follows: "In all cities of the second class in this state there shall be elected at large a mayor and two commissioners who shall constitute the board of commissioners of the city for which they are elected, and there shall also be elected a city auditor. The city justice of the peace is entirely omitted from among the officers that shall be elected. Nor is there anything said about that office being appointive. In the section following. No. 214 of the same act, it is among other things provided: "The board of commissioners may appoint all such officers and agents as may be provided for by law or ordinance and fill all vacancies occurring therein." This refers to city officers. In another section in the same act it is also provided as follows: "The term of office of all the present elective officers in the cities of the first and second class shall expire at 12 o'clock, meridian, on the first Monday in January, 1912." (Section 887.)

Both parties insist that the office of city justice of the peace in and for Murray City was not abolished, and both appeal to the familiar doctrine that an existing office is not to be deemed abolished unless the intention of the authority possessing the power to abolish to do so is clear. (29 Cyc. 1368.) From what is found in the legislative acts upon this subject, it is not only not clear that the legislature intended to abolish the office of city justice of the peace for cities of the second class having less than 15,000, but in view that the legislature by express language which we have quoted abolished said office only in cities having more than 15,000 population it might well be inferred that in all cities of the second class having less than that number the office was intended to be retained. Counsel for both parties have adopted this view. What divides them, however, is this: Counsel for respondent contends that, inasmuch as it is provided by the general law of this state that all officers shall hold office for the term for which they are

elected and until their successors are elected and qualified, therefore respondent held over. Upon the other hand, counsel for appellant contends: (1) That by virtue of the provisions to which we have referred the office of city justice for cities of the second class having less population than 15,000 was made appointive; and (2) that, if such is not the case, then at least the elective term of office of respondent was by an express provision terminated at noon on the first Monday in January, 1912, after which time he had no right to hold the office under his election, and therefore it became the duty of the board of commissioners of Murray City to fill the office by appointment, which was done. The district court, it seems, was of the opinion that respondent held over under the general provision of the statute to which we have referred. Is the court's conclusion sound, in view of the language employed by the legislature?

It is elementary doctrine that, where there is a general and also a special provision relating to the same subject-matter, the special provision controls the general. In applying this doctrine to the provisions of law that must control this case, we can see no escape from the con-     **2, 3** clusion that the district court erred in following the general provision. As pointed out by us, the legislature in express terms provided that the terms "of all the present elective officers . . . shall expire at 12 o'clock, meridian, on the first Monday in January, 1912." This is a special provision, by which the terms of all elective officers was terminated at that time, regardless of any other provision of law upon that subject. This the legislature had full power to do, and in view that clear and apt language was used to accomplish such a result the courts have no alternative but to give it effect. It will not do to say that in using the foregoing language the legislature only referred to such city offices as were abolished. This contention might have much force, were it not for the fact that the legislature in express terms referred to all city offices, and provided that all city offices, specially naming them, shall terminate at the time before stated. The clause that we hold that the city justice

of the peace comes under is therefore an additional one, in which the term of all the present elective officers are included. All the other city officers whose offices were abolished were already specially mentioned, and hence we cannot assume that the latter clause referred to them exclusively again. We must assume that the legislature meant just what it said, namely, that the clause, "all the present elective officers," necessarily included the city justice of the peace. To hold otherwise is to disregard the most familiar rules of construction.

The same effect follows if it be held that respondent held over under the general clause that all officers hold their respecive offices for the term for which they are elected and until their successors are duly elected and qualified. To give the respondent the benefit of this general clause robs the special clause to which we have referred of all force and effect. We are bound to give full force and effect to all the language employed if such a course is possible. The general provisions of law always have applied and still do apply to officers generally, while the special provision to which we have referred applies only to a few elective officers who then held office under the statutes to which reference has been made. The terms of such officers it was declared should terminate at the time stated. If the legislature had intended otherwise, it would have said so, or would at least have permitted the general provisions to control, without saying anything. Both sides concede that in adopting the commission law the legislature failed to make any provision whatever whereby a city justice of the peace can be elected at the same time or in the manner provided for the election of the other city officers. Nor is there any other provision of law found by which a city justice of the peace for cities of the Murray class can be elected. If, therefore, the office is not abolished, as contended by both sides, and there is no method provided for by which a city justice of the peace can be elected to office, we must look for some statutory enactment whereby the office may nevertheless be filled. It is not to be assumed that the legislature continued an office in force unless it intended

that the same be filled in some way. The power to fill the vacancy that was created by the termination of respondent's term of office we think is found in that portion of section 214, *supra*, to which we have already referred, namely, that the board of commissioners may appoint all officers that may be provided for by law and fill all vacancies occurring therein. If this means what the language implies, then it means that, inasmuch as the office of city justice of the peace was provided for by law, the board of commissioners were given the power to fill it by appointment. In arriving at this conclusion we have endeavored to give to the language employed by the legislature full force and effect, which, as we have seen, cannot be done by following the conclusion arrived at by the district court.

It is therefore ordered that the conclusion of law and the judgment be vacated, set aside, and reversed; that the cause be remanded to the district court of Salt Lake County, with directions to set aside its conclusions of law and judgment, to make conclusions of law in conformity with the views herein expressed, and to enter judgment thereon awarding the office of city justice of the peace for Murray City to the appellant. Respondent to pay costs on appeal.

McCARTY and STRAUP, JJ., concur.