SIDDOWAY, Fish and Game Commissioner of Utah, v. UTAH COUNTY et al.

No. 3442.    Decided June 11, 1920.    (190 Pac. 941.)

FINES—IN CITY COURT FOR VIOLATION OF FISH AND GAME LAWS BELONG TO COMMISSIONER. Laws 1919, chapter 34, section 1, amending Comp. Laws 1917, section 1726, providing that fines imposed by city court for violation of state laws shall be divided between the county and the city, which was similar to a provision in the original city court act passed before there was a game and fish fund, is a general statute, while Laws of 1919, chapter 47, section 37, giving fines for violation of fish and game laws to the fish and game commissioner is a special provision originally adopted subsequent to the former, and therefore controls, so that fines imposed by city court for violation of fish and game laws belong to the commissioner, and not to the county and city.[1]

[1] *State* v. *White,* 41 Utah, 480, 126 Pac. 330; *Board of Education* v. *Hunter,* 48 Utah, 373, 159 Pac. 1019.

Appeal from District Court, Fourth District, Utah County; *A. B. Morgan,* Judge.

Action by R. H. Siddoway, Fish and Game Commissioner of Utah, against Utah County, a municipal corporation, and others. Judgment for defendants, and plaintiff appeals.

REVERSED and REMANDED, with directions.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby, Jas. H. Wolfe,* and *H. Van Dam, Jr.,* Asst. Attys. Gen., for appellant.

*Jacob Coleman,* of Provo, for respondents.

CORFMAN, C. J.

Plaintiff, as the fish and game commissioner of the state of Utah, brought this action against the defendants, Utah county and Provo City, in the district court of Utah county, to recover the amount of certain fines imposed by Hon. J. B. Tucker, city judge of Provo City, upon offenders under the fish and game statutes of Utah.

In substance, it is alleged in the complaint that said city judge, between June 20 and July 5, 1919, imposed and collected fines for the violation of the fish and game statutes aggregating $225, one-half of which was remitted by said judge to the defendant Utah county and one-half to the defendant Provo City; that the said fines were moneys belonging to the plaintiff as fish and game commissioner of Utah, and that the fines or money so received by the respective defendant was for the use and benefit of the plaintiff. Judgment was prayed for accordingly.

The defendants filed a general demurrer to the complaint, contending that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiff declined to amend or further plead, and therefore said cause was dismissed with prejudice. Plaintiff appeals.

The sustaining of the defendants' demurrer to the com-

plaint by the district court gives rise to the contention between the parties, and the appeal taken presents the question as to what statute controls in the disposition of funds collected by city courts as fines imposed upon violators of the fish and game laws of Utah.

The defendants claim the right to the fines collected, under the provisions of Laws Utah 1919, chapter 34, section 1, amending Comp. Laws 1917, section 1726, which reads:

*"Distribution of Fees to City, County and State.*—All fees collected by ex officio clerk of city courts, and all fines and costs, collected for the violation of city ordinances, and one-half of the fines collected for violation of state laws, shall be paid in by him to the city treasury of the city wherein said courts are established, and the remainder of the fines collected for the violation of state laws shall be paid in by him to the county treasury; provided, that in all criminal cases appealed to the district court from the city court, where a fine, or a fine and costs is imposed by the district court, and collected by the county clerk, one-half of such fine shall by him be paid into the state treasury, and one-half into the city treasury."

The plaintiff, as state fish and game commissioner, contends that the moneys thus collected should be paid to him and that they belong to the "fish and game fund," under the provisions of section 37, chapter 47, Laws Utah 1919, which reads:

*"Fish and Game Fund.*—A fish and game fund is hereby created and all moneys collected from the sale of fish and game licenses, and the net moneys collected from fines and forfeitures for violation of the fish and game laws shall be paid to the state fish and game commissioner; all moneys paid into the game fund in this section provided for shall be covered into the state treasury and shall constitute a state fish and game fund, which shall be drawn upon for the payment of salaries and expenses of the state fish and game department and for no other purposes."

The reading of the sections above quoted is in conflict. It is pointed out by the Attorney General that when the city courts were first created there was no fish and game fund. A city court was first created by the enactment of chapter 109, Laws Utah 1901. However, no provision was then made for a city court except for cities of the first class. Therefore its provisions, in effect, applied to Salt Lake City

only.   The city court system was not extended to other cities until, by the provisions of Laws Utah 1919, chapter 34, section 1, amending Comp. Laws 1917, section 1700, when the city court system was extended so as to include cities having a population of more than 7,500, thus, for the first time, including, among others, the defendant Provo City.   In the first enactment creating city courts it was provided by section 25, chapter 109, supra, that "one-half of the fines collected, and one-half of the costs for violation of state laws, shall be paid  *  *  *  to the city treasurer of the city of the first class, wherein said courts are established, and the remainder  *.  *  *   to the county treasurer of the county within which said city is situated."

By chapter 30, Laws Utah 1903, a change was made so that these fines and costs were to be paid one-half to the city treasurer and one-half to the state treasurer.   Thereafter no change occurred until the enactment of chapter 34 and chapter 47, supra, 1919, which gave rise to the present dispute between the parties.   It becomes the duty of the courts to harmonize these conflicting sections so as to give some effect to each, if possible.

It is observable that section 25 of chapter 109, Laws Utah 1901, supra, deals with the fines of city courts in general, and the same is true with the succeeding enactments down to and including the enactment of section 1726, as amended by chapter 34, Laws Utah 1919, upon which the defendants rely.

When the city courts were first created in 1901, there was no fish and game fund, nor was there until 1909, when such a fund was created by the enactment of section 31 of chapter 53, Laws Utah 1909, which provided:

"A fish and game fund is hereby created, and all moneys collected for fish and game licenses, except fees to persons issuing licenses, and the net moneys collected from the fines and forfeitures for violation of the fish and game laws, shall be paid to the state [fish and game] commissioner.   All moneys so paid to the state commissioner shall be and are hereby constituted a state fish and game fund, said fund to be drawn upon only for payment of expenses of the state fish and game department."

Since 1909, in the various enactments, amendments, and repeals concerning the fish and game laws of the state, including section 37, chapter 47, Laws Utah 1919, upon which the plaintiff relies, the same provision for payment to the state fish and game commissioner of fines and costs collected for violation of the fish and game laws has been carried forward and enacted by the Legislature into the laws of the state.

While it appears that there is a conflict in the reading of the statutes relied on by the respective parties, section 37, chapter 47, Laws Utah 1919, supra, relied on by the plaintiff, was not only last in point of time, but special in its motive, and therefore should in any event prevail. *State* v. *White,* 41 Utah, 480, 126 Pac. 330; *Board of Education* v. *Hunter et al.,* 48 Utah, 373, 159 Pac. 1019. To hold otherwise would be to nullify the plain provisions of section 37, chapter 47, supra, *in toto,* and do violence to the manifest purpose and intent of the Legislature in creating a fish and game fund, and in providing for its maintenance with the fines and costs collected from violators of the fish and game laws of the state. Holding, as we do, that the section relied on by defendants is general, and the statute relied on by the plaintiff is special, and therefore takes precedence, the sections are harmonized and effect is given to both.

The judgment of the district court is therefore reversed. It is further ordered that the case be remanded, with directions to the lower court to overrule defendants' demurrer to the complaint and to proceed with the case; appellant to recover costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.