SALT LAKE CITY v. SALT LAKE COUNTY et al.

No. 3853.   Decided September 8, 1922.   (209 Pac. 207.)

1. STATUTES—TAX STATUTE FOR CITIES OF FIRST CLASS HELD NOT TO
   VIOLATE PROHIBITION AGAINST SPECIAL LEGISLATION.   The power
   of the Legislature to classify cities according to population is
   expressly conferred by Const. art. 11, § 5, and Comp. Laws
   1917, § 6102, relating to levy of taxes in cities of the first class,
   is general in the sense that it operates uniformly on every city
   of the first class, and in no way offends against Const. art. 6,
   § 26, prohibiting a special law changing or amending the char-
   ter of any city, or a special law where a general law can be
   made applicable.

2. STATUTES—STATUTE PROVIDING FOR LEVY OF CITY TAXES HELD NOT
   UNCONSTITUTIONAL, AS AMENDING STATUTE BY REFERENCE TO
   TITLE, OR CONTAINING MORE THAN ONE SUBJECT.   Comp. Laws
   1917, § 6102, relating to levy of taxes in cities of the first class,
   was intended to apply to first-class cities, and permit section
   671 to be applied to second and third class cities, in view of
   sections 6103 and 6105, so that the sections harmonize, and
   section 6102 is not objectionable, as contravening Const. art. 6,
   § 22, prohibiting amendment by reference to titles only, or
   section 23, providing that no bills shall contain more than one
   subject, which shall be clearly expressed in the title.

3. MUNICIPAL CORPORATIONS—STATUTE HELD APPLICABLE TO TAXA-
   TION IN FIRST-CLASS CITY.   Comp. Laws 1917, § 6102, providing
   for levy of taxes in cities of the first class, *held* applicable to
   levy of tax in Salt Lake City, rather than section 671, which is
   construed to apply to cities of first and second classes only.

4. STATUTES—RULE OF CONSTRUCTION AS TO GENERAL AND SPECIAL
   STATUTES STATED.   Where two statutes treat of the same sub-
   ject, the one general and the other special in its provisions, the
   special provisions control.[1]

---

[1] *Board of Education of Ogden City* v. *Hunter*, 48 Utah, 373, 159
Pac. 1019; *State ex rel. Morck* v. *White*, 41 Utah, 480, 126 Pac. 330;
*Nelden* v. *Clark*, 20 Utah, 382, 59 Pac. 524, 77 Am. St. Rep. 917;
*University of Utah* v. *Richards*, 20 Utah, 457, 59 Pac. 96, 77 Am. St,
Rep. 928,

Petition by Salt Lake City for a writ of mandamus against Salt Lake County, Jamer H. Sullivan, county Auditor, and Joseph Wirthline and others, as Commissioners.

ORDERED THAT PEREMPTORY WRIT OF MANDATE ISSUE AS PRAYED FOR.

*William H. Folland,* City Atty., and *Horace H. Smith* and *Shirley P. Jones,* Asst. City Attys., all of Salt Lake City, for plaintiff.

*Arthur E. Moreton,* Co. Atty., and *George G. Armstrong,* Asst. Co. Atty., both of Salt Lake City, for defendants.

CORFMAN, C. J.

The plaintiff, Salt Lake City, filed herein its petition, praying for a peremptory writ of mandate to issue out of this court, directing and requiring the defendant James H. Sullivan, as the duly qualified and acting county auditor of Salt Lake county, to extend upon the tax rolls of said county for the year 1922 a tax levy as made and certified to by the plaintiff city, pursuant to the provisions of chapter 2, tit. 106, Comp. Laws Utah 1917.

Section 6102, in said chapter, provides that during the month of July of each year the city commissioners, in cities of the first class, at a regular meeting, shall by ordinance or resolution, make a levy, within certain limitations, on the real and personal property within the city made taxable by law. It is then provided by section 6103 of said chapter that the rate and levy shall be certified to the county auditor of the county in which the city is situated, and by section 6105 it is further provided that the tax shall be extended by the county auditor upon the general tax rolls, which, in this instance, it is alleged by the plaintiff's petition that the auditor, acting under the direction of the other defendants as county commissioners for Salt Lake county, fails and refuses to do.

The answer of the defendants in substance and effect admits that the county auditor, while acting under and by direction of the county commissioners, refuses to extend upon the general tax rolls the levy so made by plaintiff pursuant to said section 6102 of the statutes, and, as grounds therefor, alleges that said section was and is now void and of no effect, for the reason that it contravenes certain provisions of our state Constitution, and is contrary to the provisions of section 671 of Comp. Laws Utah 1917, as amended by chapter 13 of the Session Laws of Utah of 1919, and chapter 14 of the Session Laws of Utah of 1921.

There is no controversy over the facts. The sole question to be determined by this court is whether or not the city, in making the tax levy for the year 1922, should have proceeded under the provisions of section 671, rather than under the provisions of section 6102, the section under which the city made the levy. Said section 6102 was enacted by the Legislature of 1917, and was entitled "An act relating to and fixing maximum annual tax levies in cities of the first class" (chapter 128, Laws Utah 1917). It is contended by the defendants: (1) That the section as originally passed by the Legislature contravened the provisions of section 26 of article 6 of our state Constitution, prohibiting, among other things, the enactment of any special law changing or amending the charter of any city, and that no special law shall be enacted where a general law can be applicable; (2) that it contravenes the provisions of section 22 of article 6 of our state Constitution, which provides that "no law shall be revised or amended by reference to its title only, but the act as revised, or section as amended, shall be re-enacted and published at length"; (3) that it contravenes the provisions of section 23 of article 6 of our state Constitution, providing that "no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

It is apparent that section 6102, as originally passed by the Legislature, was dealing with a particular subject or matter, that of levying taxes upon property situated in cities of the first class. Salt Lake City, at the time of the enactment of

this section, by reason of its population, had been created or designated as a city of the first class by act of the Legislature pursuant to the provisions of section 5 of article 11 of our state Constitution. It was thereby placed in a class by itself. The power of the Legislature to classify cities according to population is expressly conferred under the state Constitution in the section last referred to. Salt Lake City' having thus been created a city of the first class, the question arises as to whether or not the provisions of section 6102 offend against section 26 of article 6 of the Constitution prohibiting the enactment of a special law where a general law can be made applicable.

Manifestly, the objects to be attained and the public interests to be subserved in the several classes of cities very materially differ. It follows that no general law could be made applicable in matters of raising necessary revenue by taxation to meet their special requirements. Section 6102 was passed to enable cities of the first class to meet the needs and requirements of the larger municipalities, as distinguished from those having the smaller populations. Said section, therefore, is general, in the sense that it operates uniformly upon every city of the first class, and, in our judgment, it in no way offends against the constitutional provision prohibiting special legislation. The act as originally passed by the Legislature, as has been pointed out, treated of but one subject or matter. It was complete and independent within itself, and did not purport to amend in any way some other statute, unless it may be held that by its terms it was amendatory of section 671, as contended for by defendants. It seems obvious that it was the purpose and intent of the Legislature that the provisions of section 6102 should be applicable to cities of the first class, and that section 671 should apply to cities of the second and third classes.

We arrive at this conclusion from the fact that sections 6102 and 671 were carried forward in Comp. Laws Utah 1917, and that since that time no material change has been made in either section. Prior to 1917, section 671 was general in its application; its provisions being applicable

to all cities.- Since the provisions of section 6102 were
made applicable to cities of the first class alone, and the pro-
visions of section 671 are made applicable to all cities, it be-
comes the duty of this court to harmonize the two sections,
so that full force and effect may be given to the provisions of
both, if possible. *Board of Education of Ogden City* v. *Hun-
ter et al.,* 48 Utah, 373, 159 Pac. 1019.

The two sections may be readily harmonized by treating
section 6102 as particularly applying to cities of the first
class, and section 671 as applying to all other cities. Further,
it is an elementary doctrine that, where two statutes
treat of the same subject-matter, the one general and        4
the other special in its provisions, the special provi-
sions control the general. *State ex rel. Morck* v. *White,* 41
Utah, 480, 126 Pac. 330; *Nelden* v. *Clark,* 20 Utah, 382, 59
Pac. 524, 77 Am. St. Rep. 917; *University of Utah* v. *Rich-
ards,* 20 Utah, 457, 59 Pac. 96, 77 Am. St. Rep. 928; *Crane*
v. *Reeder,* 22 Mich. 322.

For the reasons stated, we can arrive at no other conclu-
sion than that the county auditor of Salt Lake county, is not
justified in refusing to extend upon the general tax rolls the
tax levy as certified to by Salt Lake City, in conformity with
section 6102, Comp. Laws Utah 1917. It is therefore ordered
that the peremptory writ of mandate be issued as prayed for.
It is further ordered that each party shall pay its own costs.

WEBER, and THURMAN, JJ., concur.

FRICK, J., and GIDEON, J., not participating.