316 P.2d 549

PACIFIC INTERMOUNTAIN EXPRESS COMPANY, a Corporation, Plaintiff and Appellant,

v.

STATE TAX COMMISSION and The State of Utah, Defendants and Respondents.

No. 8659.

Supreme Court of Utah.

Oct. 16, 1957.

16

Richard L. Bird, Jr., Salt Lake City, for appellant.

Ben Rawlings, State Tax Commission, Salt Lake City, for respondents.

CROCKETT, Justice.

Pacific Intermountain Express Company, plaintiff herein, took over two other transportation companies: Orange Transportation Company and Collett Tank Lines. The merger of the companies was accomplished by the plaintiff acquiring all of the capital stock of the two corporations just mentioned and by taking over their transportation equipment consisting of trucks, semi-trailers and the tractors (motor units) used to pull them.

The dispute here had its origin in the refusal of the Tax Commission to honor the transfers of title or register the vehicles to plaintiff until sales taxes on the transfer were paid. The plaintiff contested the validity of the tax, taking the position that the transfer of this motor vehicle equipment, which was held for the two companies by a trustee, was part of the transfer of an integrated business which should properly be classified as an "isolated or occasional" sale under the sales and use tax statutes and is therefore exempt under the doctrine of Geneva Steel Co. v. State Tax Commission,[1] whereas the Tax Commission urges that the sale of the motor vehicles is subject to the sales tax since the Sales Tax Act provides that "* * * no sale of a motor vehicle shall be deemed isolated or occasional for the purposes of this act."[2]

Upon refusal of the Tax Commission to register the vehicles, for the purpose of getting its transportation equipment registered, the plaintiff paid the amount of the assessment, $8,174.83 (admittedly correct if sales tax applies) and brought action in the district court to recover the amount paid.

This appeal is from the order of the district court granting the defendant's motion to dismiss on the grounds that the complaint did not state a basis for relief.

The question which we find controlling is one of procedure: Can an action to recover sales tax be maintained in the district court?

Plaintiff concedes that there is procedure set forth in the Sales Tax Act by which a dissatisfied taxpayer can seek redress before the Tax Commission. It contends, however, that such procedure is not exclusive and that it has an alternative in the course it followed of paying the taxes under protest and suing to recover them. In support thereof it points to the authorization in Sec. 59–11–11, U.C.A.1953:

"In all cases of levy of taxes, * * * which is deemed unlawful by * * * [the taxpayer] * * * such party may pay under protest such tax * * * and * * * may bring an action in any court of competent jurisdiction

1. 116 Utah 170, 209 P.2d 208.

2. Sec. 59–15–2(e), U.C.A.1953.

against the * * * taxing unit * * * to recover said tax * * *".

It is not to be disputed that the just quoted statute is couched in such terms that if applied literally it would permit the procedure plaintiff has followed. The difficulty we confront is reconciling it with the procedure set up in the Sales Tax Act itself, the pertinent provisions of which are:

"59–15–12. *Objection to assessment—Petition—Hearing.—*

"If any person, having made a return and paid the tax * * *, feels aggrieved by the assessment * * *, he may apply to the tax commission by petition in writing within ten days * * * for a hearing * * * After such hearing, the tax commission may make such order in the matter as may appear to it just and lawful * * *".

"59–15–13. *Decision of commission, when final.—*

"Every decision of the tax commission shall be in writing * * *, and all such decisions shall become final upon the expiration of thirty days after notice * * *, unless proceedings are taken within said time for review by the Supreme Court upon writ of certiorari as herein provided, * * *."

"59–15–14. *Review by Supreme Court.*

" * * * Upon the hearing, * * * the case shall be heard on the record before the tax commission * * * The decision * * * may be reviewed both upon the law and facts * * *".

"59–15–15. *Exclusive jurisdiction of Supreme Court.*

"No court of this state, except the Supreme Court, shall have jurisdiction to review, * * * any decision of the tax commission * * *".

It would seem that the last quoted section which prohibits any court except the Supreme Court from reviewing any decision of the Tax Commission should negate the propriety of this suit in the district court. However, plaintiff seeks to avoid the effect of that statute by arguing that since it never petitioned the commission, nor obtained a decision therefrom, it never "entered the portal" of the procedure set forth in the Sales Tax Act and thus was free to pursue the course it did. We direct our attention to consideration of the problem whether the plaintiff, by resorting to another procedure, could avoid the application of the provisions of the Sales Tax Act.

In view of the seeming conflict between the statutes herein above set out, it is necessary to make a critical comparison of them

in order to determine the legislative intent in regard to the procedure here in question. It is to be noted that Sec. 59–11–11 is of ancient origin. It has existed in our law since statehood,[3] and sets out the historical method of contesting payment of taxes. It is general in its terms; has usually been applied to disputes over property taxes and is found in the "miscellaneous" provisions of the tax code. On the other hand, Secs. 59–15–12 to 15, upon which the Tax Commission relies, are of more recent origin, being part of the Sales Tax Act itself which was enacted in 1933;[4] and are explicit as to the manner in which a taxpayer dissatisfied with a sales tax assessment may challenge it.

■■■ In appraising the effect of the statutes relied upon by the parties, there are some fundamental rules which favor the position of the Tax Commission. Primary among these is the general rule that before one may seek a review of the action of an administrative body, he must exhaust his administrative remedies and thereby give the agency an opportunity to correct any error it may have made.[5] Also supporting this view are the basic rules pertaining to statutory construction: that in case of conflict, a later enactment is controlling over an earlier one;[6] and that express provisions of statutes take preference over general ones.[7]

The conclusion we reach herein finds support in the case of State Tax Commission v. Katsis[8] wherein the plaintiff questioned the validity of a sales tax assessment after the Tax Commission had commenced an action in the district court to collect the tax. In noting that Mr. Katsis had never applied to the Commission for a hearing as provided in the act, the court stated:

"If a person assessed fails to apply for a hearing and correction within ten days, he has barred himself from further review of the Commission's assessment, and he cannot open up the question of proper amount or validity of the assessment when the processes of the courts are used by the Commis-

3. Laws of 1896, p. 466; R.S.Utah 1898, Sec. 2684.

4. Laws of 1933, Ch. 63.

5. State Tax Commission v. Spanish Fork, 99 Utah 177, 100 P.2d 575, 131 A.L.R. 816.

6. Becker Products Co. v. State Tax Commission, 89 Utah 587, 58 P.2d 36; Nelden v. Clark, 20 Utah 382, 59 P. 524.

7. State ex rel. Public Service Commission v. Southern Pac. Co., 95 Utah 84, 79 P.2d 25; State v. Burnham, 87 Utah 445, 49 P.2d 963; Salt Lake City v. Salt Lake Co., 60 Utah 423, 209 P. 207; State ex rel. Morck v. White, 41 Utah 480, 126 P. 330; Nelden v. Clark, 20 Utah 382, 59 P. 524.

8. 90 Utah 406, 62 P.2d 120, 122, 107 A.L.R. 1477.

20

sion to obtain a judicial declaration of indebtedness * * *."

It is appreciated that the foregoing statement was dicta because the case actually turned on another point. However, it was cited with approval in State Tax Commission v. Spanish Fork,[9] where this court, again speaking about the procedure outlined in the Sales Tax Act, said:

"Only by invoking the above-mentioned administrative procedure may the tax debtor question the tax * * * He cannot collaterally attack the tax * * * He cannot sit by and wait for the Tax Commission to sue him and then raise all the questions which he might have raised if he had taken advantage of his rights under the law. *He must exhaust his administrative remedies."* (Emphasis ours.)

█ Another aspect of plaintiff's argument which has some plausibility is its assertion that inasmuch as the defendant Commission refused to register its vehicles until the tax was paid, it had no alternative than to pay under protest and sue to recover; and that since the Sales Tax Act does not expressly provide for payment under protest and recovery, it was obliged to bring action in the district court under Sec. 59–11–11 above referred to. This argument is untenable. It is significant that Sec. 59–15–12 states,

"If any person, having made a return and *paid the tax* * * *, feels aggrieved * * *." (Emphasis ours.)

and the succeeding sections go on to provide for the review by the Commission and finally for appeal to this court. It certainly would be a delusion to require a taxpayer to *pay the tax,* seek a review, and if he prevails, not allow him to get it back. The most elemental principles of justice dictate the implication that if he pays the tax and follows the procedure set out in the Sales Tax Act, and is sustained in his contention that the tax is unlawful, it must be refunded.

█ It is our conclusion that the trial court correctly dismissed the action for the reason that the procedure set forth in the Sales Tax Act itself is the exclusive method of seeking redress from a sales tax assessment. This obviates our consideration of the validity of the tax. No costs are awarded.

McDONOUGH, C. J., and WADE, WORTHEN, and HENRIOD, JJ., concur.

9. 99 Utah 177, 100 P.2d 575, 577, 131 A.L.R. 816.