397 P.2d 294

**Barnell E. LAMBERT, Plaintiff and Respondent,**

v.

**STATE TAX COMMISSION of Utah, Defendant and Appellant.**

**No. 10117.**

Supreme Court of Utah.

Dec. 11, 1964.

**160**

A. Pratt Kesler, Atty. Gen., M. Reed Hunter, Salt Lake City, for appellant.

Dallas H. Young, Jr., Provo, for respondent.

WADE, Justice:

This appeal is by defendant State Tax Commission from a judgment of the Fourth Judicial District Court in an action commenced therein by Barnell E. Lambert, ordering the Commission's Provo, Utah, executive officer to register a certain car owned by Mr. Lambert, the respondent herein, and to issue license plates for it without requiring the payment of a use tax.

It is the State Tax Commission's contention that the court erred in denying its motions to dismiss the action because Utah law establishes exclusive procedures for determination and review of use tax liability, and none of these procedures were followed in the bringing of this action. We agree. .

Whether Mr. Lambert's remedy under Chapter 16, U.C.A.1953, known as the Use Tax Act was exclusively to exhaust his administrative remedies and seek review of the Commission's decision in this court [1] or whether the remedies provided under the provisions of Sec. 59–16–23 of that Act are available to him need not be determined in the instant case. Under all the provisions of the Use Tax Act before recourse can be had to either this court or the district court for relief from a use tax assessment there must either be deposited with the Commission the amount assessed or payment made

1. Pacific Intermountain Express Co. v. State Tax Commission, 7 Utah 2d 15, 316 P.2d 549.

under protest. Here it is clear this action was brought to avoid these conditions precedent to recourse to the courts. The court therefore erred in ordering the issuance of license plates and registration of the vehicle involved.

Reversed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.