484 P.2d 1184

**Thelma BURGNER, dba Thelma's Cafe, Plaintiff and Respondent,**

**v.**

**D. James CANNON et al., Defendants and Appellants.**

**No. 12176.**

Supreme Court of Utah.

May 6, 1971.

Salt Lake County (the local authority), by a 1969 ordinance[3] implementing the legislation in footnotes 1 and 2 below, delegated to its Planning Commission the duty of issuing permits in connection with such state liquor stores in restaurants, laying down certain guidelines incident to such issuance. Under Sec. 22–31–4(2) of the ordinance, if the Planning Board *grants* the petition for the permit, such decision is subject to review by the *County Commission* for its approval or rejection, but if the Planning Board *denies* the petition, it is reviewable by the *District Court.* In either event the appeal is to be filed with the Commission or the Court within 30 days. This rather unusual ordinance was worded thus, according to counsel, in order to inoculate the Commission against political pressures in the case of a denial of the petition. This may be a most wholesome provision but it is not authoritative, since the County Commission has no sanction either to confer jurisdiction on the District Court, nor to set the time within which an appeal thereto must be taken.

Even though that portion of the ordinance with respect to the *denial* is impo-

**57**

Gordon B. Christensen, Salt Lake County Atty., Salt Lake City, T. Quentin Cannon, Deputy Salt Lake County Atty., Salt Lake City, for appellants.

Robert M. McRae, of Hatch, McRae, Richardson & Kinghorn, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from an order in a mandamus proceeding requiring the members of the defendant Planning Commission to issue a permit authorizing petitioner to operate a state liquor store in her cafe subject to approval of the local[1] and state authorities.[2] Neither affirmed nor reversed, but remanded for further proceedings.

1. Title 32–1–36.5, Utah Code Annotated, 1953, as amended (Ch. 83, Laws of Utah, 1969, p. 378; see Vol. 4, U.C.A.1953, 1969 Pocket Supp. p. 55).

2. 32–1–36.10, U.C.A.1953 (Ch. 83, L.U. 1969, p. 379; Vol. 4, U.C.A.1953, 1969 Pocket Supp. p. 56).

3. Secs. 22–1–6, 81 & 82 (definitions), Sec. 22–31–4(1) (authority and guidelines); see 22–31–4(2) (review of decision of Planning Board).

tent, the result would be the same even if it were not. If we upheld the lower court and ordered the Planning Commission to *grant* the permit, it would be subject to approval or rejection by the County Commission under the *ordinance*, and if we reversed the lower court and sustained the Planning Commission's *denial* of the permit, it would have to be approved or rejected by the County Commission under the state statute anyway. In either event our action would be a useless gesture, a result not contemplated by the employment of the extraordinary writ of mandamus. We think the parties at least should consider the advisability of seeking a review before the County Commission at everyone's convenience, since that is where an application such as this, of necessity, will wind up under the state liquor control statutes.

CALLISTER, C. J., and TUCKETT and ELLETT, JJ., concur.

CROCKETT, Justice (dissenting in part).

I have no serious objection to the remand ordered by the main opinion with the suggestion (as I understand it) that there be a new and plenary hearing and determination by the County Commission as to whether plaintiff's application should be granted. However, my preference would be to affirm the action of the trial court.

The Liquor Control Act, Section 32–1–36.10, U.C.A.1953 (1969 Pocket Supp.), provides that "Any person seeking to have a state store located in a restaurant * * * shall file a written application with the commission * * *, which shall be accompanied by * * * *the written consent of the local authority* * * *." The term "local authority" is in turn defined by Section 32–1–3 as "The board of county commissioners of the county * * *" if the premises are in an unincorporated area, i. e., not in a city or town. To effectuate these provisions for Salt Lake County, the County Commission passed an ordinance empowering the Salt Lake County Planning Commission to hear applications for conditional use permits, which if granted would constitute the "written consent of the local authority."

The county ordinance provides for a different type of review from the action of the Planning Commission *granting* than from its action *denying* an application for a permit:

The *granting* of a permit by the Planning Commission to dispense alcoholic beverages is subject to *review by the Salt Lake County Commission.* The *denial* of any permit by the Planning Commission * * * is subject to *review by the district courts.*

In my judgment the proper disposition of this case depends upon an appreciation

of the predicament the plaintiff is in. According to the ordinance, if the Planning Commission had granted the permit, its action would have been subject to review by the County Commission. But inasmuch as the application was denied by the Planning Commission, the denial was only "subject to review by the district courts." Thus, by its ordinance the County Commission has declared that it will *not* review the action of the Planning Commission which denied her application, but left the plaintiff no other alternative than to go to the district court. It is not questioned but that the plaintiff should exhaust her administrative remedies. But realistically she had done so because as a practical matter she was at the end of the road of the administrative process. That is, she had no basis upon which to go forward with her application to the State Liquor Control Commission because she did not have the "consent of the local authorities" as required.

There are no express provisions in the Act for an appeal from the local authorities' refusal to give consent. Accordingly, the resort to obtain justice for an applicant who believes that her application has been arbitrarily rejected, and who cannot proceed further for administrative remedy, is to seek remedy in the court.[1] The plaintiff thus followed the proper procedure both under the law, and in accord with the county ordinance, by seeking redress in this action in the district court.

I observe aside that it is to be conceded, as the main opinion indicates, that the County Commission has no power to confer or regulate jurisdiction of the district court. Its ordinance could be, and should be, ignored in that regard. But it has the effect of declaring that the County Commission will not review the action of the Planning Commission and leaves the applicant (plaintiff) no other avenue or redress than she has pursued. In a plenary trial she was successful in persuading the district court that the Planning Commission acted wrongfully in denying her application. The defendants have appealed that judgment to this court where it has been presented and considered on record, briefs and argument. It is my view: (1) that the parties are entitled to our decision on the appeal, (2) that there is sufficient foundation to support the findings and judgment of the trial court, and that (3) under traditional rules of review there is no basis for reversal of the judgment. I would therefore affirm it and thus leave the way clear for the plaintiff to further pursue her application in the manner provided by law. (All emphasis added.)

1. Wycoff Co. v. Public Service Comm., 119 Utah 342, 227 P.2d 323; Uintah Freight Lines v. Public Service Comm., 119 Utah 491, 229 P.2d 675; Pacific Intermtn. Express Co. v. State Tax Comm., 7 Utah 2d 15, 316 P.2d 549; Walker Bank & Trust Co. v. Taylor, 15 Utah 2d 234, 390 P.2d 592.