CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Respondent, v. ADAM ALBERT AND SOPHIA ALBERT, Appellants.

*Corporations— Illegal Banking.*—A foreign corporation not engaged in the business of banking may make loans of money in this State; the object of the act relating to illegal banking was to prevent the introduction of a depreciated currency into this State, and the competition of foreign banks with our own.

*Appeal from St. Louis Land Court.*

*Knox & Smith*, for appellants.

*Krum & Decker*, for respondent.

FAGG, Judge, delivered the opinion of the court.

This was a suit instituted in the Land Court of St. Louis county for the recovery of the possession of certain real estate claimed by the plaintiff under and by virtue of a deed of trust executed by one Lorenz Spiegel and the said Sophia,

formerly wife of the said Lorenz, to secure the payment of certain notes executed by him in favor of the plaintiff for borrowed money. It is admitted that the plaintiff is a foreign corporation, and that the transaction out of which the suit originated took place in this State through an agent of the said company. The real question is apparent from the following instruction asked by the defendants and refused by the court in the trial, viz. :

"The court, sitting as a jury, declares the law applicable to this case as follows :—If plaintiff, a corporation organized and acting, and having its main office in the State of Connecticut, by its agent in this city, loaned money in St. Louis to the amount of $700,000, in a hundred and five different loans, during a period of fourteen months, and that one of these loans was the one made to Lorenz Spiegel for $4,000, and that plaintiff's claim to the property in question is founded upon a deed of trust made to secure notes given for this $4,000, then said corporation was doing business in this State, and the notes given by Lorenz Spiegel and the deed of trust to secure the same are utterly void and of no effect; and if plaintiff's title was derived through such deed of trust he cannot recover."

The judgment was for the plaintiff, and the case is brought here by appeal.

The proper construction of the statute which is relied upon by the appellants to defeat the recovery of plaintiff was considered by this court in the case of Bk. of Louisville v. Young, 37 Mo. 398. In that case the loan was made by an agent of the foreign banking corporation, in the notes of its own issue. It was a case very clearly within the provisions of the act referred to—R. C. 1855, p. 289, § 14. The object of the agent was to carry on what is generally termed a banking business within the limits of this State. The opinion of the court in reference to the true construction of this action was, that "the obvious intention of the act was to exclude certain associations, foreign corporations, from coming into competition with the authorized banking establish-

OCTOBER TERM, 1866. 183

Conn. Mut. Life Ins. Co. v. Albert et ux.

ments of this State, and to prevent their circulating depreciated currency."

It is admitted that the language used in framing this section is not sufficiently clear in expressing the meaning of the Legislature, if it were only to be gathered from the letter of the law itself; but this is not the true rule of construction. The intention is to be gathered " from a view of the whole and of every part of a statute taken and compared together" —1 Kent's Com. p. 461, and authorities there cited. When the true " intention is accurately ascertained, it will always prevail over the literal sense of the terms"—Ib.

This statute, commonly denominated as " the bill of pains and penalties," had its origin at a period in the financial history of the country when it was deemed necessary by the law-making power of the State to adopt extraordinary measures for the protection of the people against the issues of irresponsible and worthless banking corporations. The authority just referred to says further, " When the words are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the objects and the remedy in view"; so that a reference to the history of that period might very well be made for the purpose of aiding us in the interpretation of this law, but it is not deemed necessary. The title of the act itself is so very clear and explicit that no doubt can exist as to what was intended. It is not safe to rely alone upon the title of a statute, and it has been declared to be " not a safe exposition of the law"; but the better rule, as we think, is to presume that the true intent and meaning is to be found in the title unless it is plainly contradicted by the express terms of the body of the act. The title of the act in question is "An act to prevent illegal banking and the circulating of depreciated paper currency within this State."

Turning to the 14th section, it will be perceived that the words " foreign corporations," so confidently relied upon in the argument of this case to show that the respondent was included in the act, are repeated several times, and always

in connection with the expression "or incorporated banking company." The section does not in any manner conflict with the plain intent of the statute as expressed by the title.

Whilst it is the policy of the law to protect the authorized banking establishments as well as the people of the State against the injurious effects of a banking business carried on by a foreign banking corporation through its agents, and thus flooding the country with a worthless paper circulation, yet it was not intended to drive out money brought from another State to be loaned in the ordinary way. The amount of the money so loaned, or the number of loans, are wholly immaterial, and it makes no difference whether the same belongs to an individual or a corporation, if it was such money as is not prohibited from circulation by the laws of the State. From all that appears in this case, it was lawful money of the country, and neither the party to whom the loan was made nor the public could be injured by the fact of its being loaned by a corporation instead of an individual.

The other judges concurring in these views, the judgment of the court below will be affirmed.