State of Missouri, Respondent, v. Schwartzman Service, Inc., a Corporation, Appellant.\*—40 S. W. (2d) 479.

St. Louis Court of Appeals. Opinion filed July 3, 1931.

*Jones, Hocker, Sullivan & Angert, George C. Dyer* and *W. F. Drescher, Jr.,* for appellant.

*Alvin H. Juergensmeyer,* Prosecuting Attorney for Warren County, *John W. Mather* and *Jean Paul Bradshaw,* of counsel for respondent.

580

SUTTON, C.—This as a prosecution on information of the prosecuting attorney of Warren county, under an act of the Fifty-third General Assembly (Session Laws 1925, page 295), entitled as follows:

"An Act to prescribe the maximum size, width, length and weight, including load, limits of motor vehicles, and combination of motor vehicles, operating upon the public highways of this State, to prescribe penalties for violation of this act . . . . and to repeal all laws or parts of laws inconsistent with this act."

Sections 1, 2, 4 and 5 of the act, are as follows:

"1. No motor vehicle shall be operated on the highways of this State whose width, including load, is greater than ninety-six inches, or a greater height than twelve and one-half feet, or a greater length than thirty feet, and no combination of vehicles coupled together shall be so operated whose total length, including load, shall be greater than sixty feet. Provided, however, that this restriction of sixty feet shall not apply to motor propelled vehicles transporting farm implements nor farm products.

"2. No motor vehicle, except a combination of tractor and semi-trailer, the gross weight of which, including load, is more than 24,000 pounds, and no combination of tractor and semi-trailer, the gross weight of which, including load, is more than 38,000 pounds, and no motor vehicle having a greater weight than 16,000 pounds on one axle, and no motor vehicle having a load of over 600 pounds per inch width of tire upon any wheel concentrated upon the surface of the highway (said width in the case of rubber tires, both solid and pneumatic, to be measured between the flanges of the rim), shall be operated on the highways of this State; provided a combination of tractor and semi-trailer shall be considered a vehicle of six (6) wheels for the purpose of computing the distribution of the load.

"4. Any person, firm, corporation, partnership or association violating any of the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be punished by a fine of not less than five dollars ($5.00) nor more than five hundred dollars ($500.00) or by imprisonment in a county jail for a term of not exceeding twelve (12) months, or by both such fine and imprisonment.

"5. All laws or parts of laws in conflict or inconsistent with this act are hereby repealed."

The information, which is founded on section 2 of the act, charges that the defendant, on September 7, 1930, in Warren county, unlawfully operated, on State Highway No. 40, a motor vehicle, to-wit, one trailer, the gross weight of which, including load, was more than 24,000 pounds.

The cause was tried before the court without a jury, on an agreed statement of facts, as follows:

"On September 7, 1930, at the county of Warren, defendant operated on Highway No. 40, a truck train consisting of a tractor, semi-trailer and trailer, the trailer being a four-wheeled vehicle, not self-propelling, and none of the weight of which rested upon the semi-trailer and tractor, or either of them. At said time the gross weight of said trailer, including load, was in excess of 24,000 pounds."

The trial resulted in a judgment convicting the defendant of the offense charged in the information, and imposing a fine of $50. Defendant appeals.

The defendant contends that a trailer is not a motor vehicle within the meaning of the statute. Defendant argues that since a trailer is not a self-propelled vehicle—that is, since it is not a vehicle propelled by a power developed within itself—it is, therefore, not a motor vehicle, and may be loaded without limit, and so operated on the highways. In other words, defendant argues that though the statute limits the weight of a truck or other self-propelled vehicle, to 24,000 pounds, and the weight on the axle of such vehicle to 16,000 pounds, and the weight per inch of the width of the tire upon any wheel concentrated upon the surface of the highway to 600 pounds, there is no limit to the weight of a trailer, or the weight upon any axle of a trailer, or the weight per inch width of the tire of any wheel of a trailer.

The purpose of the statute, manifestly, is to protect the highways of the State from the damage that may be done by vehicles of excessive weight. It is inconceivable that the Legislature intended to protect the highways from damage from overloaded trucks and other self-propelled vehicles, while permitting the same mischief to be done by trailers drawn by such self-propelled vehicles.

It is a cardinal rule, universally accepted, that, in the exposition of a statute, the intention of the lawmaker will prevail over the literal sense of the terms; its reason and intention will prevail over the strict letter. When the words are not explicit the intention is to be collected from its context; from the occasion and the necessity of the law; from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant with reason and good discretion. The object of all rational interpretation is to reach the true intent and meaning of the lawmaking

authority as expressed in the language it has employed to convey the thought. All other rules are subordinate to that great one. The chief cannon of construction is that which requires us to find the legislative intent and purpose. The intent and spirit of the legislative act should be made to speak, if such can be done without doing violence to express language. The legislative act should be given such construction as to suppress the mischief, and advance the remedy, and to suppress subtle inventions and evasions for continuance of the mischief, and for private gain, and to add force and life to the cure and remedy, for the public good. If the provisions contained in the body of the act are expressed in ambiguous or doubtful language, or so as to be fairly susceptible of more than one interpretation, then it is permissible and proper to consider the title of the act as a clue or guide to the intention and meaning of the Legislature. It will be presumed that the true intent and meaning is to be found in the title, unless it is plainly contradicted by the express terms of the body of the act. It is true that a criminal statute is construed liberally in favor of the defendant, and strictly against the State, but this rule affords no warrant for a construction out of harmony with the manifest purpose and intent of the statute. [1 Kent's Commentaries 461; Grimes v. Reynolds, 94 Mo. App. 576, 68 S. W. 588, affirmed 184 Mo. 679, 83 S. W. 1132; State ex rel. v. Gnelich, 208 Mo. 152, 106 S. W. 618; State ex rel. v. McQuillin, 246 Mo. 517, 1. c. 534, 152 S. W. 347; Connecticut Mutual Life Ins. Co. v. Albert, 39 Mo. 181; Sedalia ex rel. v. Smith, 206 Mo. 346, 1. c. 361, 104 S. W. 15; State v. Bulling, 100 Mo. 87, 12 S. W. 356; State v. Combs (Mo.), 273 S. W. 1037; State v. Duckworth (Mo.), 297 S. W 150; State ex rel. v. City of St. Louis, 241 Mo. 231, 1. c. 249, 145 S. W. 801.

The title of the act under which this prosecution proceeds shows that the Legislature regards a trailer as a motor vehicle; for the title declares that it is an act to prescribe the maximum size, width, length and weight, including load of "motor vehicles," and any "combination of motor vehicles." Surely, the Legislature did not mean, by "combination of motor vehicles," a combination of one self-propelled vehicle, such as a truck or tractor, with another self-propelled vehicle. The Legislature obviously refers to a combination of some such self-propelled vehicle with a trailer or trailers, just such combination as we have in this case. In the strict literal sense, maybe, a motor vehicle is one which is propelled by motor power directly transmitted from the motor of the vehicle to the wheels of the vehicle through its own mechanism; but there can be no question that a trailer attached to and propelled by such a motor vehicle, is itself, in a broad sense, motor propelled, and, in that broad sense is a motor vehicle.

It will be observed that section 1 of the act provides that no motor vehicle shall be operated on the highways of the state, whose width, including load, is greater than ninety-six inches, or has a greater height than twelve and one-half feet. If we adopt the defendant's construction of section 2 that a trailer is not a "motor vehicle" within the meaning of the term as used in that section, then by the same process of reasoning, we would have to hold that the term, as used in section 1, does not include a trailer, and thus convict the Legislature of the folly of limiting the width and height of a truck or other self-propelled vehicle, and leaving unlimited the width and height of any trailer that may be propelled over the highways by such self-propelled vehicle. This reflection shows the utter impossibility of the defendant's construction of the act.

We have not overlooked the definition of the term "motor vehicle" prescribed in an act of the Fifty-first General Assembly (section 3, Session Laws 1921, page 77) relating to motor vehicles, as follows: "Any self-propelled vehicle not operated exclusively upon tracks, except farm tractors." It is obvious that the Legislature never intended that such restricted definition should control the meaning of the term as used in the act of 1925, on which this prosecution is based. The former act is general in its character, covering a wide range in the regulation of motor vehicles; whereas the latter is a special act relating exclusively to the size, length, width and weight of motor vehicles. The act does not purport to be an amendment of the Act of 1921, but proceeds as an independent act, and it expressly repeals all laws or parts of laws in conflict or inconsistent with it. The definition prescribed in the former act, if it is to be considered as exclusive, and is to be understood in the restricted sense ascribed to it by defendant as used with respect to the width or weight of vehicles, is clearly inconsistent with the manifest purpose and intent of the latter act.

The judgment of the circuit court is clearly right. The commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.