## A. GENDREAU v. STATE FARM FIRE INSURANCE COMPANY OF BLOOMINGTON, ILLINOIS.[1]

November 10, 1939.

No. 32,110.

*Charles A. Fortier,* for appellant.
*Frederick J. Miller,* for respondent.

[1]Reported in 288 N. W. 225.

STONE, JUSTICE.

Suing his insurer to recover for the loss by fire of an automobile trailer, plaintiff was defeated below through the medium of a verdict directed for defendant. The appeal is from the denial of plaintiff's motion for a new trial.

After the policy was issued plaintiff sold his "Palace Travel Auto Home" (trade-name for the insured trailer) to another. To that change of ownership he did not procure the consent of defendant. Thereby the policy automatically lapsed. Plaintiff claims a waiver with the effect of continuing the policy in force. Assuming without deciding that so far plaintiff's case is sound, both in fact and law, there is yet another obstacle to recovery.

The policy provided that no action to recover loss thereunder "shall be sustainable * * * unless commenced within twelve (12) months next after the happening of the loss." Here the loss occurred October 17, 1937, and the action was not commenced until some weeks more than a year thereafter.

For plaintiff the argument is that inasmuch as the policy was one of fire insurance, although it covered other risks of transportation as well, its attempt to fix a one-year limitation for actions thereon was void because of a violation of 1 Mason Minn. St. 1927, § 3512. That section is the one prescribing a standard form for fire insurance policies and a two-year limitation for actions thereon.

By § 3513 (L. 1921, c. 342), it is declared that insurance on automobiles, including loss or damage by fire when combined in one policy with insurance against one or more of the other hazards mentioned in § 3315 (L. 1915, c. 138), is excepted from the requirement of the standard fire policy law.

■ That exception plaintiff argues does not include an automobile trailer. Therein we cannot agree. The language is "insurance on automobiles, motorcycles and other motor vehicles."

The ubiquitous trailers are so much a part of ordinary motor traffic that it would be putting too narrow a construction upon § 3513 to exclude them from its scope. Although the motor which

pulls it is that of another vehicle, the trailer is yet so exclusively dependent upon it for movement that it also must be considered a motor vehicle within the meaning of this law. Its operation is on the designated sort of insurance rather than on the property insured. The latter is referred to in general terms. The evident purpose was to include all policies which in addition to fire give owners additional permitted coverage on their autos and accessories.

■ The policy is such that, in case of loss thereunder, nothing more (*e. g.*, proofs of loss) was needed to mature the cause of action for the insured. The nature of the insured property and of the risk is such that, it seems almost unnecessary to suggest, the limitation of one year was not unreasonable. Hayfield Farmers E. & M. Co. v. New Amsterdam Cas. Co. 203 Minn. 522, 282 N. W. 265. "The prevailing view [which we share] is that such a provision is binding unless it contravenes a statute or the time fixed is unreasonably short." 14 R. C. L. p. 1417, § 580.

Order affirmed.