329 P.2d 650

PACIFIC INTERMOUNTAIN EXPRESS COMPANY, a corporation, Plaintiff,

v.

STATE TAX COMMISSION OF UTAH and the State of Utah, Defendant.

No. 8846.

Supreme Court of Utah.

Sept. 4, 1958.

9. 1957, 213 Ga. 249, 98 S.E.2d 561.

Richards & Bird, Salt Lake City, Paul T. Wolf, San Francisco, Cal., for appellant.

E. R. Callister, Jr., Atty. Gen., Ben E. Rawlings, John G. Marshall, David A.

West, State Tax Commission, Salt Lake City, for respondent.

HENRIOD, Justice.

Review of the sales tax levy[1] on motor and tandem equipment incident to a transfer to petitioner of all of the assets, including corporate stock, trucks, trailers and semi-trailers of several concerns that directly or indirectly had been operating highway transportation rolling stock. Affirmed in part and reversed in part, with no costs awarded.

The tax was paid under protest when the Tax Commission refused to register the vehicles unless paid,[2] insisting that *all* of the units, including trailers and semi-trailers were "motor vehicles," not exempted as an occasional sale of personal property under Titles 59–15–2(e) and 59–15–5, Utah Code Annotated 1953.[3]

Petitioner urges that 1) the sales tax act applies only to retailers, and that petitioner's vendor was no retailer, that 2) trailers and semi-trailers are not "motor vehicles" and therefore not taxable if transferred as an occasional sale, that 3) the 1949 amendments[4] to the sales tax act having to do with definitions and collections did not affect the scope of the tax and that 4) taxing motor vehicle sales alone unconstitutionally discriminates against sales of other commodities transferred and exempted as occasional sales.

■ The points urged above are the basic issues involved. As a preliminary matter, we may dispose of several arguments or points advanced that we deem of no considerable moment in the disposition of this case. We concede that taxing statutes are to be construed strictly, and in favor of the taxpayer where doubtful.[5] We do not believe that the tax commission regulations urged by both sides are either controlling or important in this case, and we consider that the Geneva Steel case,[6] discussed by both sides, has no real pertinency here.

1. Title 59–15–4, U.C.A.1953.

2. Title 41–1–19, U.C.A.1953.

3. Pertinent language:
   59–15–2(e): "But the term 'retail sale' is not intended to include isolated nor occasional sales by persons not regularly engaged in business, * * * provided, however, that no sale of a motor vehicle shall be deemed isolated or occasional for the purposes of this act."
   59–15–5: "Provided, however, that on all motor vehicle sales made by other than a regular licensed dealer the tax shall be paid by the purchaser directly to the state tax commission upon every sale of a motor vehicle subject to registration and licensing under the laws of this state, and shall be collected by the state tax commission at the time of such registration and licensing."

4. Laws of Utah 1949, Chap. 83.

5. Gould v. Gould, 1917, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211; 3 Sutherland Statutory Construction 293.

6. Geneva Steel Co. v. State Tax Commission, 1949, 116 Utah 170, 209 P.2d 208.

▉ As to the contention that the sales tax act is applicable only to sales made by licensed retailers, we disagree, notwithstanding the able argument of counsel pointing out that the taxing section (59–15–4) is concerned with *retail* sales, that the definition section (59–15–2) says a *retail* sale is made by a *retailer* doing a regular organized *retail* business *known to the public to be such*. Before 1949 the contention that the act applied only to retail sales by a licensed dealer would have been conceded, but since the 1949 amendments such concession could not be made. We believe the plain wording of the amendments clearly displays a legislative intent to tax all motor vehicle sales not exempted, irrespective of the vendor's personality or status, and did not mean to tax only sales of motor vehicles by licensed retailers, the legislation announcing that *no sale of a motor vehicle should be deemed occasional* (i. e., made by a nonretailer and hence not taxable), and that on *all* sales of motor vehicles *the tax shall be paid by the purchaser* (not a licensed dealer). In this connection we cannot go along with the argument that the legislature merely intended to raise a rebuttable presumption that every sale of a motor vehicle is made by a licensed dealer, leaving the purchaser to choose whether he should pay the tax without complaint, or whether he should go to court to prove a non-dealer, occasional sale and thus rebut the presumption. We think it highly unreasonable to attribute to the legislature an intent to exact taxes illegally and at the expense of forcing thousands of citizens purchasing automobiles from other thousands of non-dealer citizens, to resort to litigation in order to establish their honesty in what obviously would entail an expense far in excess of the tax which, under such theory presumptively had been wrung out of them. We think the amendments point up an unmistakable purpose to tax *all* transfers of motor vehicles save those exempted.[7]

▉ With respect to petitioner's contention that trailers and semi-trailers transferred as an isolated or occasional sale by a non-retailer are not taxable under the act, we agree. It appears that pertinent Utah legislation evinces no clear intention to include such equipment within the phrase "motor vehicle," a phrase that naturally connotes and suggests some sort of self-propulsion, and it also appears that the authorities generally refuse to demand such inclusion.

▉ Mindful that definitions in unrelated statutes do not necessarily determine what a "motor vehicle" is,[8] as was pointed

7. Title 59–15–6, U.C.A.1953.

8. Fruehauf Trailer Co. v. South Carolina Electric & Gas Co., 1952, 223 S.C. 320, 75 S.E.2d 688.

out by the tax commission, nonetheless we believe that where the phrase is not defined in the sales tax act, but clearly is in the Motor Vehicle Act,[9] (to which the sales tax act refers with respect to registration of vehicles) there is no impropriety in examining the Motor Vehicle Act to assist in determining what the legislature had in mind when it adverted to "motor vehicles" in the sales tax act.

Under the Motor Vehicle Act we find the terms "motor vehicle," "trailer" and "semi-trailer" significantly described separately. It states that a "motor vehicle" is one that is *self-propelled*. A "trailer" is one *without motive power * * * drawn by a motor vehicle,* and a "semi-trailer" is described as a *vehicle without active power * * * drawn by a motor vehicle.* These last two definitions do not lend themselves to any compelling conclusion that such pieces of equipment are self-propelled as is the case with the definition of "motor vehicle." On the other hand the Motor Vehicle Act, by treating them separately, would indicate an intent not to include trailers and semi-trailers in the term "motor vehicle." Such conclusion is further substantiated in the section that requires motor vehicles, trailers and semi-trailers to be registered separately.[10] If the contention of the tax commission that a truck and a trailer together are a "motor vehicle," it would follow that the two pieces of equipment would be subject to but one registration. This cannot be done under the registration statute.

Aside from the statutes themselves, very respectable authority [11] treats a motor vehicle and a piece of tandem equipment as being mutually exclusive, at least if they are not actually operational by attachment, and as a unit,—a problem not presented here. The attitudes of courts that have had the question before them, succinctly are summarized in 60 C.J.S. Motor Vehicles § 1, p. 110, where it is said:

"A trailer or semitrailer is a vehicle, but is not a motor vehicle, except that insofar as it facilitates the primary function of a motor vehicle of transporting persons and things, after being attached to the motor vehicle for that purpose, it may be regarded as becoming a part of the motor vehicle, although as to the latter proposition there is also authority to the contrary."

9. Title 41, U.C.A.1953.

10. Title 41-1-19, U.C.A.1953.

11. Hayes Freight Lines v. Cheatham, Okl. 1954, 277 P.2d 664, 48 A.L.R.2d 1278; Prudential Ins. Co. of Great Britain, v. Associated Emp. Lloyds, supra; Vest v. Kramer, Ohio App. 1951, 111 N.E.2d 696, where the statute is very similar to Utah's; Gendreau v. State Farm Fire Ins. Co., of Bloomington, Ill., 1939, 206 Minn. 237, 288 N.W. 225, contra.

A New York case [12] holding that trailers and semi-trailers were not "motor vehicles," pointed out that:

"Trailers and semitrailers are vehicles within the meaning of the Vehicle and Traffic Law, * * * but they are not *motor vehicles*. The Legislature having defined and classified a trailer and semitrailer as separate and distinct vehicles, * * * it is presumed that it would have referred to them by name had it intended to include them within the provisions of section 59."

We approve the above statement and consider it particularly applicable to our statutes and the definitions therein contained.

As to petitioner's contention that amendment of the definition (59–15–2) and collection (59–15–4) sections of the act did not alter the scope of the tax, we cannot subscribe thereto. The amendments clearly evince an intention to tax all motor vehicle sales not specifically exempted, as we have pointed out supra, and to determine otherwise, we believe, would be to conclude that the legislature intended a more or less useless thing.

Counsel's argument that it is discriminatorily unconstitutional to levy a tax on motor vehicle sales and not on sales of other commodities, seems to us to be without merit, since the classification appears to be reasonable and the subject matter proper. We know of no authority holding a tax on sales of motor vehicles generally to be discriminatory and counsel have pointed to none that does. As a matter of fact, petitioner's argument is somewhat watered down by its own position that the act should apply only to sales made by retailers. In so contending it seems obvious that the tax would attach to something less than sales of motor vehicles generally, being levied against only a fraction thereof, thus not only narrowing the scope of taxable incidents, but widening the range of discrimination, if any there be.

The dissent points to five cases in support of its conclusion. It would appear that none of them is pertinent or an authority for what the dissent concludes. In four of the cases the statute itself determined whether the tandem equipment was to be included within the term "motor vehicle" or not, and in the fifth an entirely different fact situation prevails. Taking each case cited, we find the court saying in State v. Schwartzman Service, Inc. [225 Mo.App. 577, 40 S.W.2d 481] that:

"The title of the act under which this prosecution proceeds shows that the Legislature regards a trailer as a motor vehicle; for the title declares

12. Hennessy v. Walker, 1938, 279 N.Y. 94, 17 N.E.2d 782, 784, 119 A.L.R. 1029.

that it is an act to prescribe the maximum size * * * of 'motor vehicles,' and any 'combination of motor vehicles.' "

In Vest v. Kramer, the statute, unlike ours, included trailers within the term "motor vehicle," when, under Subd. 7 of Sec. 6290 thereof the term "motor vehicle" was *defined* as being "any vehicle propelled or drawn by power other than muscular power * * *."

In State v. Rowell, 120 Vt. 166, 136 A. 2d 349, 351, the court pointed out that *under the statute involved*, a

"'Motor Vehicle' shall include all vehicles propelled or drawn by power other than muscular power * * * The semi-trailer was being drawn by motor power and so was a motor vehicle *as defined by the statute."*

In State v. Harper, 353 Mo. 821, 184 S.W.2d 601, 605, a case where tires, tubes and wheels were taken from a trailer which was *attached* to a motor vehicle, the court said:

"We hold, but go no further, that the tires, tubes, and wheels, circumstanced as they were at the time of the instant larceny, were within the phrase 'any part, tire or equipment of a motor vehicle.' "

The court then specifically went on to say, under a statute defining motor vehicles and trailers, almost identical to our own, that:

"A trailer is not a motor vehicle under Sec. 8367."

In the Fruehauf case the dissimilarity is apparent upon perusal.

The tax commission is ordered to refund all taxes paid on the transfer to petitioners of trailers and semi-trailers or other equipment not falling within the term "motor vehicle" as we have construed that term to mean under our statutes.

McDONOUGH, C. J., and WADE, J., concur.

WORTHEN, J., concurs in the result.

CROCKETT, Justice (dissenting in part).

I agree with the main opinion except that it seems to me that if we look to the purpose of the legislature as shown in the Sales Tax Act and the amendment of 1949 which declares that, "no sale of a motor vehicle shall be deemed isolated or occasional"[1] the intent is to impose such tax upon all motor vehicles including trailers and semi-trailers.

A realistic view of the matter requires an appreciation of the fact that the legislative process is somewhat cumbersome at best and enactments often lack the preci-

1. S.L.U.1949, Chapter 83.

sion of expression which might be desired. It is therefore necessary for those charged with administration, and for the courts, to view such enactments in their entirety and in the light of the purpose sought to be accomplished to make the most sensible skein of the law possible in accordance with the objectives and consistent with the language employed. Aside I remark that the Motor Vehicle Act is primarily concerned with traffic regulations and safety and for that reason the definition therein is in no way relevant to the status of vehicles insofar as the Sales Tax Act is concerned.

If we are to look to other areas in our statutes for analogies, it would seem better to look to the Public Utility Act. Section 54-6-1, U.C.A.1953 defines motor vehicle as, "any automobile, truck, trailer, semi-trailer, tractor, motor bus, * * *." thus plainly indicating the legislative intent to include plaintiff's equipment as motor vehicles.

It is plain enough that the legislative purpose here was to produce revenue for the state. An adjunct to that purpose is that they selected motor vehicles as a type of property upon which the tax could be imposed and collected with relative ease because of the necessity of registering them and of transferring title through the Tax Commission.

Consistent with the above purpose, and with my conclusion on the question here involved, is the fact that the legislature used the term motor vehicle in correlation with "registration and licensing" of the same. In Section 59-15-5, U.C.A.1953 dealing with the collection of the tax it is provided that:

> " * * * on all motor vehicle sales made by other than a regular licensed dealer the tax shall be paid by the purchaser directly to the state tax commission upon every sale of a *motor vehicle subject to registration and licensing* under the laws of this state, shall be collected by the state tax commission at the time of such registration and licensing." (Emphasis ours.)

This provision clearly indicates that the criteria for determining the scope of the Sales Tax Act as applied to motor vehicles is whether they are subject to registration and licensing. The interpretation placed thereon by the Tax Commission gives it literal effect. This is in accord with the rule of statutory construction that specific statutory provisions will prevail over general ones.[2]

In addition to the above, there is the further consideration that when the Commission has adopted an administrative interpretation and put it into practice, it will be given some consideration by the

2. Pacific Intermountain Exp. v. State Tax Commission, 7 Utah 2d 15, 316 P.2d 549; Nelden v. Clark, 20 Utah 382, 59 P. 524.

courts, and not be disturbed unless there is persuasive reason for doing so.[3] Sales Tax Regulation 38 promulgated and published by the commission August 25, 1950, reads:

"No sale of a vehicle subject to the registration laws of this state shall be deemed an isolated or occasional sale."

Since trailers are by law subject to registration the same as other motor vehicles, it is apparent that they too fall within the scope of this regulation.

It is so axiomatic as to seem almost banal to state that a motor vehicle includes all of its parts. In regard to the units in question, the fact is that the motor itself is not used except in connection with the trailer; nor is the trailer without the motor. It takes the two mutually dependent parts to form the functioning vehicle. It would be as logical to argue that the motor by itself is not a motor vehicle because it is not used on the highway without the trailer, as it is to argue that the trailer is not a motor vehicle because it is not a complete one without the motor.

It is important to realize that if we do not follow the natural and reasonable interpretation of the taxing statutes by regarding the motor and the trailer as being subject to the tax, then other equipment almost identical in physical makeup and purpose of use would be subjected to the tax without any valid basis for discrimination between them. For example, suppose two truckers: A has a large truck which is one intergrated unit, motor and body: under the decision its sale would be subjected to the tax. B has a large truck, identical in all respects except that the trailer is detachable from the motor. In the latter instance the sale of the motor part of the truck would be subjected to the tax; the trailer not. This poses a constitutional question which must be confronted in order to make a forthright disposition of this case, and which the main opinion entirely fails to deal with.

I fail to see how the mere fact that the units are separable could properly provide a basis for taxing the one and exempting the other and opine that if a legislative enactment purported to do so, the courts would be quick to point out the lack of any sound basis for discrimination and strike down the statute as unjustly discriminatory.[4] It would be in accordance with established and sound policy to interpret and apply the statute as the Tax Commission has done to avoid such groundless discrimination. This court said

3. Utah Power & Light Co. v. Public Service Commission, 107 Utah 155, 152 P.2d 542; Decker v. New York Life Ins. Co., 94 Utah 166, 76 P.2d 568, 115 A.L.R. 1377.

4. See State v. Mason, 1938, 94 Utah 501, 78 P.2d 920, 117 A.L.R. 330.

in the case of Norville v. State Tax Commission,[5]

"Moreover in seeking to give effect to the intent of the legislature the court will adopt that interpretation of a taxing statute which lays the tax burden uniformly on all standing in the same degree with relation to the tax adopted * * * and will avoid an interpretation which would lead to an impractical, unfair, or unreasonable result."

It is to be conceded that there are cases holding that trailers are not motor vehicles under some circumstances and for particular purposes. Insofar as I am aware, none have indicated any view contrary to the position of the Tax Commission under facts and statutes similar to those here. On the other hand, there are numerous cases holding that trailers are motor vehicles for various purposes notwithstanding the general definition of motor vehicle and trailer relied upon by plaintiff. The only general pattern that can be found in the decisions is that the courts will adopt that meaning of "motor vehicle" which comports with the intent of the statute in question in order to produce a fair and equitable result consistent with its general purpose.

In the case of State v. Schwartzman Service, Inc.,[6] the defendant was convicted of the operation of a "motor vehicle" having excess weight, which involved the defendant's trailer. The court held that the trailer was a motor vehicle. In Vest v. Kramer,[7] the court held that a two-wheeled utility trailer designed for and employed in general transportation and attached to and operated as a unit with an automobile, was a motor vehicle within the Ohio statute. In State v. Rowell,[8] a trailer was deemed to be a part of a motor vehicle under that state's Vehicle Code prescribing standard equipment for motor vehicles. In State v. Harper,[9] in a prosecution for larceny of tires, tubes and wheels from a trailer the court reasoned that a trailer becomes a part of a motor vehicle for transportation purposes, and the fact that the detached trailer contains no motor was not persuasive that it was not properly classified as a motor vehicle, or at least as part of one. In Fruehauf Trailer Co. v. South Carolina Electric & Gas Co.,[10] the court held that a trailer was within the meaning of "motor vehicle" as used in a statute providing for a lien on motor vehicles in favor of one injured through negligent operation thereof.

The majority opinion purports to distinguish the above cases, but I see no valid

5. 98 Utah 170, 97 P.2d 937, 940, 126 A.L. R. 1318.

6. 1931, 225 Mo.App. 577, 40 S.W.2d 479.

7. 158 Ohio St. 78, 107 N.E.2d 105.

8. 1957, 120 Vt. 166, 136 A.2d 349.

9. 1945, 353 Mo. 821, 184 S.W.2d 601.

10. 223 S.C. 320, 75 S.E.2d 688.

154

distinction therein and stand on the proposition that the courts will and do very properly adopt the meaning of "motor vehicle" which is in accord with the general purpose and intent of the statute. I remain aware of the rule that generally taxing statutes are applied in favor of the taxpayer and against the taxing authority. Nevertheless, it seems to me quite inescapable, that if we look at the over-all purpose of the legislature in the light of the rules of statutory construction applicable, that it was the intent to impose the sales tax upon all sales of motor vehicles, including trailers and semi-trailers, which are integral parts thereof and subject to registration and licensing as are other motor vehicles. I would affirm the order of the Tax Commission.